IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| ROLEX WATCH U.S.A., INC., )<br>    Plaintiff, )<br>  v. )<br> )<br>JEWELRY UNLIMITED, INC. and )<br>WAFI AMIN LALANI, )<br> )<br>    Defendants. ) | CIVIL ACTION FILE NO.<br>1:23-cv-03391-TCB |

### JUDGMENT AND PERMANENT INJUNCTION UPON CONSENT

Plaintiff Rolex Watch U.S.A., Inc. ("Plaintiff" or "Rolex") and Defendants Jewelry Unlimited, Inc. ("Jewelry Unlimited") and Wafi Amin Lalani (collectively, "Defendants") hereby stipulate to the entry of this judgment and permanent injunction upon consent (the "Permanent Injunction") as follows:

1. This Court has jurisdiction over the subject matter of this action.

2. This Court has jurisdiction over Defendants.

3. Plaintiff is engaged in the import, distribution, sale, and promotion in interstate commerce of prestigious high-quality, luxury watches all bearing one or more of the ROLEX Registered Trademarks as defined herein.

1

4.  Rolex owns the following federal trademark registrations in the United States, registered with the United States Patent and Trademark Office (hereinafter collectively referred to as the "Rolex Registered Trademarks"):

| ROLEX | 0,101,819 | 1/12/1915 | Watches, clocks, parts of watches and clocks, and their cases. |
|---|---|---|---|
| OYSTER | 0,239,383 | 3/6/1928 | Watches, movements, cases, dials, and other parts of watches. |
| PRESIDENT | 0,520,309 | 1/24/1950 | Wristbands and bracelets for watches made wholly or in part or plated with precious metals, sold separately from watches. |
| ♛ (Crown Design) | 0,657,756 | 1/28/1958 | Timepieces of all kinds and parts thereof. |
| ♛ (Crown Design) | 1,755,226 | 3/2/1993 | Jewelry. |
| DATEJUST | 0,674,177 | 2/17/1959 | Timepieces and parts thereof. |
| GMT-MASTER | 0,683,249 | 8/11/1959 | Watches. |
| COSMOGRAPH | 0,733,081 | 6/19/1962 | Watches and chronometers. |
| SEA-DWELLER | 0,860,527 | 11/19/1968 | Watches, clocks, and parts thereof. |
| MILGAUSS | 0,875,616 | 8/26/1969 | Watches [and clocks,] and parts thereof. |
| OYSTER PERPETUAL | 1,105,602 | 11/7/1978 | Watches and parts thereof. |
| YACHT-MASTER | 1,749,374 | 1/26/1993 | Watches. |
| SUBMARINER | 1,782,604 | 7/20/1993 | Watches. |
| ROLEX DAYTONA | 1,960,768 | 3/5/1996 | Watches. |
| DAYTONA | 2,331,145 | 3/21/2000 | Watches. |
| EXPLORER II | 2,445,357 | 4/24/2001 | Watches. |
| EXPLORER | 2,518,894 | 12/18/2001 | Watches. |

| AIR-KING | 2,953,542 | 5/17/2005 | Watches and parts thereof. |
| GMT-MASTER II | 2,985,308 | 8/16/2005 | Watches and parts thereof. |

5. Every genuine ROLEX-branded watch, featuring the Rolex Registered Trademarks, including Rolex's ROLEX and CROWN DESIGN trademarks, includes the following components: (1) the watch movement (the internal time-keeping mechanism); (2) the watch case; (3) the dial featuring Rolex's ROLEX and CROWN DESIGN trademarks; (4) the bezel; and (5) the watch bracelet featuring Rolex's ROLEX and CROWN DESIGN trademarks (sometimes also called the watch band). These elements are shown and labeled in the images below:



167215597.1

US2008 31037399 1

6.     Rolex commenced this action on July 31, 2023, alleging (i) Trademark Counterfeiting under 15 U.S.C. § 1114, (ii) Trademark Infringement under 15 U.S.C. § 1114, (iii) False Designation of Origin, False Descriptions and Representations, and Unfair Competition under 15 U.S.C. § 1125(a)(1)(A); and (iv) False Advertising under 15 U.S.C. § 1125(a)(1)(B).

7.     Defendant Jewelry Unlimited is a private jeweler specializing in diamond jewelry and luxury watches that owns and operates a retail store located in Atlanta, Georgia and the website www.jewelryunlimited.com ("Defendant's Website"), which it has used, along with a number of other internet websites, including ecommerce platforms and social media websites, to sell, offer for sale, distribute, and advertise products bearing infringing and counterfeit copies of one or more of the Rolex Registered Trademarks. Defendant Wafi Amin Lalani is Jewelry Unlimited's chief executive officer and owner and responsible for directing all of Jewelry Unlimited's activities at issue in this case.

8.     Defendants have owned and operated, and own, and/or use the accounts www.facebook.com/jewelryunlimited / ("Defendants' Facebook Page"), www.instagram.com/jewelryunlimited / ("Defendants' Instagram Page"), www.tiktok.com/ @jewelryunlimited / ("Defendants' Tik Tok Page"),

4

www.youtube.com/ @jewelryunlimited786 / ("Defendants' YouTube Page"), and www.twitter.com/ @jewelryunltd ("Defendants' X Account") to sell, offer for sale, distribute and advertise products including watches and jewelry, bearing infringing and counterfeit copies of one or more of the Rolex Registered Trademarks.

9. The Parties have entered into a confidential settlement agreement, pursuant to which Defendants will pay an undisclosed sum to Rolex as a condition of the settlement of this action. The Parties have also agreed to the entry of this Permanent Injunction.

10. The Court, with the consent of the Parties and having considered all pleadings and other documents filed in this action, and having issued an Order dated November 13, 2024, by which it granted Rolex's motion for summary judgment for liability against Defendants on Rolex's claims for trademark counterfeiting, trademark infringement, and false designation of origin, false descriptions and representations, and unfair competition, and denied Defendants' motion for summary judgment on Defendants' claims of laches and no likelihood of confusion, hereby enters this Permanent Injunction ordering that Defendants, their officers, agents, servants, employees and all other persons in active concert or participation with Defendants be permanently enjoined from and restrained as follows:

      a.    using any reproduction, counterfeit, copy or colorable imitation of the Rolex Registered Trademarks to identify any goods or the rendering of any services not manufactured, authorized, or sold by Rolex or an authorized distributor;

      b.    engaging in any course of conduct likely to cause confusion, deception or mistake, or injure Rolex's business reputation including, but not limited to, the advertising and offering for sale, sale, and distribution: (i) any non-watch jewelry bearing infringing copies of Rolex's trademarks or any marks that are likely to cause confusion or dilute the Rolex trademarks (including, but not limited to, earrings, cufflinks, rings, and pendants); (ii) any ROLEX-branded watches with non-genuine dials or dials that have been refinished or otherwise altered in such a manner as to remove, replace, and/or reapply any Rolex trademarks; (iii) any ROLEX-branded watches with a non-genuine strap or bracelet with a genuine or non-genuine ROLEX-branded clasp or buckle; (iv) any ROLEX-branded watches with non-genuine cases; (v) any ROLEX-branded watches with non-genuine movements; (vi) ROLEX-branded watches with non-genuine bezels; (vii) ROLEX-branded watches with non-genuine or counterfeit parts, including parts featuring the Rolex Registered

Trademarks[1]; and (viii) any ROLEX-branded watches with either materially-altered genuine parts or non-genuine parts, including, but not limited to, dials or bezels altered with stones or other embellishments;

c.    advertising or offering for sale, selling, or distributing any counterfeit or non-genuine ROLEX-branded boxes, Owner's manuals, warranty booklets, factory service guides, or hangtags bearing a seal that are not original to the respective ROLEX-branded watch;

d.    using a false description or representation including words or other symbols tending to falsely describe or represent Defendants' non-genuine goods or unauthorized services as being those of Rolex or sponsored by, approved by, or associated or affiliated with Rolex and from offering such goods in commerce;

e.    using or continuing to use the Rolex Registered Trademarks or trade names in any variation thereof on the Internet (either in the text of a

---

[1] For avoidance of doubt, the limitation set forth in paragraph 10(b)(vii) does not include non-branded screws, non-branded crystals, and non-branded bracelets that are compatible and consistent with genuine ROLEX-branded watches provided that a written disclosure is made that such substituted parts are non-Rolex parts.

7

website, or as a keyword, search word, metatag, in hashtags or any part of the description of the site) in connection with any goods or services not made or authorized by Rolex;

  f. disseminating any false and/or misleading information relating to Rolex and the authenticity or nature of Defendants' goods and services;

  g. making claims that cannot be substantiated and disseminating any false and/or misleading information about Rolex, the Rolex Registered Trademarks, and/or Rolex products;

  h. engaging in any other activity constituting false advertising of Rolex products;

  i. engaging in any other activity constituting unfair competition using the Rolex Registered Trademarks; and

  j. assisting, aiding, or abetting any other person or business entity in engaging in or performing any of the activities referred to in subparagraphs (a) through (i) above.

167215597.1

US2008 31037399 1

11. Subject to the terms and conditions of this Permanent Injunction, Jewelry Unlimited shall be permitted to provide warranty-related repair services on any watch sold by Jewelry Unlimited prior to the entry date of this Permanent Injunction. If Jewelry Unlimited is rendering such services, it must provide, in advance of rendering such services, a conspicuous and clear written disclosure: (i) informing the consumer that such ROLEX-branded watch has been materially altered and when such alterations were made, (ii) identifying specifically the ways in which the watch has been altered and each of the non-genuine parts such watch contains, (iii) stating that such watch is no longer considered a genuine Rolex watch and that, as a result, Rolex may no longer service the watch, (iv) stating that the Jewelry Unlimited warranty is not sponsored by, affiliated with, authorized by, or honored by Rolex.

12. Within thirty (30) days of entry of this Permanent Injunction, Defendants shall take all steps necessary to remove from Defendants' Website, Defendants Facebook Page, Defendants' Instagram Page, Defendants Tik Tok Page, Defendants You Tube Page, Defendants' X Account, and any other website, ecommerce platform(s) (including without limitation eBay and Walmart.com) or social media site containing content displayed or posted by Defendants, whether or

not owned or operated by Defendants, all counterfeit or infringing ROLEX-branded products, product listings, and all text using the Rolex Registered Trademarks or copies or colorable imitations thereof in connection with the foregoing.

13. Each of the Parties shall each bear their own attorney's fees and costs incurred in connection with this action. However, if Defendants are found to be in contempt of this Permanent Injunction, Plaintiff shall be entitled to recover all attorney's fees and costs associated with enforcing this Permanent Injunction, in addition to any other remedies that the Court may deem appropriate following any such finding of contempt.

14. The Court hereby reserves and retains continuing jurisdiction to enforce the provisions of the Permanent Injunction entered herein and over the parties hereto for the purpose of enforcing the terms of this Permanent Injunction, as well as the terms of the Parties' underlying settlement agreement.

WAFI AMIN LALANI

Dated: 6th Feb, 2025        By: _____
                                 Wafi Amin Lalani

JEWELRY UNLIMITED, INC.

Dated: Feb 6th, 2025

By: _____
Wafi Amin Lalani
Title: President

ROLEX WATCH U.S.A., INC.

Dated: February 6, 2025

By: _____
Mark W. Goldberg
Title: EVP, Finance & Administration

SO ORDERED:

Dated: February 21, 2025

_____
HON. TIMOTHY C. BATTEN, SR.
CHIEF JUDGE
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA